UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Cause No. 1:18-mj-776-TAB-1 |
| NOLAN BREWER, | ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR REVOCATION OF RELEASE ORDER

Before the Court is the Government's motion for revocation of release order (Dkt. No. 13). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I. STANDARD

18 U.S.C. § 3145(a)(1) provides for district court review of a magistrate judge's release order. Section 3145(a) states, in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.] The motion shall be determined promptly.

The District Court must conduct a *de novo* review and need not defer to the Magistrate Judge's findings. The Court may review the transcript of the proceedings before the Magistrate Judge or it may hold a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this cause, the Court reviewed a transcript of the hearing held before the Magistrate Judge.

## II. BACKGROUND

### A. The Charged Offense

On April 16, 2018, Nolan Brewer was charged in a single-count criminal complaint:

Count 1: On or about July 27, 2018, in Hamilton County, in the Southern District of Indiana, defendant NOLAN BREWER, did knowingly and willfully conspire and agree[] with another person, to injure, oppress, threaten, and intimidate members of the Congregation Shaarey Tefilla, a Jewish Synagogue in Carmel, Indiana, in the free exercise and enjoyment of a right secured to them by the Constitution or laws of the United States, to wit: the right to hold property free of racial discrimination under 42 U.S.C. § 1982, by painting anti-Semitic symbols, including Nazi flags and Iron Crosses, on Synagogue property, and setting fire to Synagogue property, which was located [in] the United States, in violation of Title 18, United States Code, Section 241 (a).

Dkt. No. 2 at 1.

### B. Hearing

Brewer appeared on August 21 and 22, 2018, for a detention hearing before the Magistrate Judge. The Government moved for detention, arguing that Brewer poses a danger to the community and that there are no conditions or combinations of conditions that can reasonably assure the community's safety.

At the detention hearing, the Government presented the testimony of FBI Special Agent Bradley Bookwalter and introduced twenty-eight exhibits. Brewer presented the testimony of Jeffrey Brewer, his father; Jean Holland, his former Sunday School teacher; and David McCauley, his former pastor and family friend.

The Magistrate Judge ordered Brewer's release on conditions. The Government orally moved for a revocation of Brewer's release order and a stay of his release. The Government then filed the instant motion for revocation of the release order (Doc. No. 13).

## III.     DISCUSSION

A defendant shall be detained pending trial if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e), (b), and (c). The Government bears the burden of proof and must prove risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985) (internal citations omitted); 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). If the defendant is not detained pending trial, the judicial officer shall order the pretrial release of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

The Court's inquiry into whether Brewer should be detained prior to trial is guided by the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. *See* 18 U.S.C. § 3142(g).

### A. Nature and Circumstances of the Offense Charged

Brewer has been charged with Conspiracy to Violate Rights, in violation of 18 U.S.C. § 241(a). Specifically, Brewer is alleged to have knowingly and willfully conspired and agreed with at least one other individual to injure, oppress, threaten, and intimidate members of the Congregation Shaarey Tefilla, a Jewish Synagogue located in Carmel, Indiana, to deprive the members of the Synagogue of their free exercise and enjoyment of a right secured to them by the Constitution or laws of the United States, to wit: the right to hold property free of racial discrimination under 42 U.S.C. § 1982, by painting anti-Semitic symbols, including Nazi flags and Iron Crosses, on Synagogue property, and setting fire to Synagogue property through the use of homemade "napalm." The offense, aptly described by the Magistrate Judge as "despicable," nonetheless is not a crime of violence and does not involve a narcotic drug. The Court finds that this factor is neutral.

### B. Weight of the Evidence Against the Defendant

The Court takes judicial notice of the Complaint. Further, the testimony of Agent Bookwalter and Brewer's statement to law enforcement provide strong evidence of Brewer's guilt. Looking at the evidence as a whole, this factor weighs in favor of detention.

### C. The History and Characteristics of the Defendant

Section 3142(g)(3) instructs the Court to consider Brewer's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense. Brewer is twenty years old and has lived with his parents for his whole life. He has no criminal record or

history of drug use. He has strong ties to his family and the local community and has been employed. Brewer's views, while abhorrent, are not themselves illegal. This factor weighs in favor of release.

### D. Nature and Seriousness of the Danger to Any Person in the Community

The Court finds that the Government has not proved by clear and convincing evidence that Brewer is a danger to the community. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979).

The Government points to statements that Brewer made to friends and co-workers, including statements that he regretted that he could not access the Synagogue and that he and his co-conspirator were looking for new targets. Further, the Government points to the fact that there were "Drano bombs" in the truck and Brewer's backpack over two weeks after the incident and that not all of the homemade "napalm" was used. However, Brewer had not used those items during the time between the crime and their discovery. While Brewer's actions and statements were loathsome, the conditions imposed by the Magistrate Judge, including GPS monitoring; avoiding all contact with any co-defendants or potential co-defendants (including his wife); living with his parents; and being prohibited from being within two hundred yards of any mosque, synagogue, or other property associated with members of the Muslim or Jewish faith, are sufficient to ensure the safety of the community.

### IV. CONCLUSION

Considering all of the factors, the Court finds that the Government has not shown by clear and convincing evidence that no condition or combination of conditions will reasonably

5

assure the safety of any other person and the community. Therefore, the Government's motion for revocation of release order (Dkt. No. 13) is **DENIED**.

SO ORDERED: 9/11/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication