UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-cr-00286-TWP-DLP |
| | ) |
| NOLAN BREWER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Nicholas J. Linder, Assistant United States Attorney, respectfully requests that the Court deny the Defendant's motion to modify release conditions to allow him to visit the CANDLES Holocaust Museum and Education Center in Terre Haute, Indiana. In support thereof, the United States submits the following:

**BACKGROUND**

1. The Defendant is charged with conspiracy to violate the civil rights of the members of a Jewish synagogue in Indiana by spray-painting large Nazi flags and Iron Crosses on, and setting fire to, synagogue property. *See* Indictment, Dkt. No. 28; Criminal Complaint, Dkt. No. 2. The Defendant has filed a petition to plead guilty. Dkt. No. 47.

2. At a detention hearing, the United States presented evidence concerning the Defendant's dangerousness, including evidence of his intentions to burn the synagogue, his excited reaction to news coverage after the attack, and his beliefs in Nazism, anti-Semitism, and white nationalism. Dkt. No. 13.

3.     The Defendant was released on conditions, which included home detention and location monitoring. Dkt. No. 11. Also, the Defendant was "prohibited from being within 200 yards of any mosque, synagogue, or other property primarily associated with members of the Muslim or Jewish faiths." *Id.*

4.     On April 12, 2019, the Defendant filed the instant motion[1] to modify his pretrial release conditions to allow him to visit "the Holocaust Museum in Terre Haute, Indiana," which presumably refers to the CANDLES Holocaust Museum and Education Center.[2]

5.     Sentencing is currently scheduled for April 25, 2019.

**DISCUSSION**

6.     The court should deny the Defendant's motion. The Defendant's request to visit the CANDLES Holocaust Museum and Education Center presents unreasonable and unnecessary risks, particularly within the context of the history of the CANDLES Holocaust Museum. The Museum was itself a victim of arson. In 2003, it was firebombed and burned to the ground.[3]

7.     Here, the Defendant told the FBI that he and his co-conspirator had planned to set fire to the synagogue using homemade "napalm" and overpressure explosive devices, both of which were eventually recovered by the FBI. Ultimately, the Defendant did not enter the synagogue and ignited the napalm outside near the massive Nazi flags and Iron Crosses he spray-

---

[1]     In the motion, defense counsel noted that he had "emailed the AUSA as to whether the government objects but has not yet received a reply." Dkt. No. 51 ¶ 5. To correct any misimpression regarding timeliness, defense counsel emailed the undersigned on the same day that the motion was filed. The undersigned followed up with defense counsel later that same day and again the following day.

[2]     CANDLES is an acronym for "Children of Auschwitz Nazi Deadly Lab Experiments Survivors" and CANDLES, Inc. is a 501(c)(3) non-profit founded by Holocaust survivor, Eva Mozes Kor. The CANDLES Holocaust Museum and Education Center opened in 1995.

[3]     *See* https://candlesholocaustmuseum.org/who-we-are/ (last visited April 15, 2019).

painted. Nevertheless, setting fire to Jewish property was at the heart of the Defendant's hate crime.

8. Further, the evidence depicts a person with deep-seeded anti-Semitic beliefs. *See* Dkt. No. 13. In fact, the Defendant's cell phone contained several images and internet "memes" about the Holocaust itself, including one that stated: "What is the Jew doing poking around the ashtray? Studying his family history."

9. Granting the Defendant's motion not only places the Holocaust Museum in the unenviable position of deciding whether to allow the Defendant entrance, but also it places the Museum and other patrons inside at risk. The Defendant may act out again on his anti-Semitic bias, or the Defendant's presence may incite a verbal or physical altercation. The Defendant's crime was well-publicized. The risk presented by someone recognizing him and an altercation ensuing is unacceptable.

10. Moreover, the Defendant's presence alone has the potential to re-victimize members of the Jewish faith. The intent behind the spray-paint and fire at the synagogue was to make Jews feel afraid. His presence at the Holocaust Museum risks causing staff and patrons further fear, and that in turn may require the Museum to undertake additional expense for security.

11. These risks are unnecessary. The timing of the request is suspect, with sentencing being only weeks away. The Defendant's motion presents no particularized need to visit the Holocaust Museum at this specific moment in time. Rather, it appears to be part an effort to bolster his argument at sentencing that he has reformed since previously expressing admiration for Adolf Hitler and Nazism and defacing and burning synagogue property.

12. Attempts at reform prior to sentencing may be laudable. But, within the law, rehabilitation is a goal of sentencing, not pretrial release. Pretrial release's foremost focus is on

safety. And here, the Court prohibited the Defendant from coming within 200 yards of a place primarily associated with the Jewish faith to keep the community safe. That condition makes as much sense today as it did when it was originally imposed. It should not bend merely because sentencing is fast approaching.

* * *

13. Finally, counsel for the United States has conferred with the U.S. Probation Office, and Probation is in agreement that the Defendant's request should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court DENY the Defendant's motion to modify his conditions of pretrial release.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

Date:   April 15, 2019          By:   /s/ Nicholas J. Linder
                                      Nicholas J. Linder
                                      Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019 a copy of the foregoing was filed via CM/ECF, which will electronically notify counsel of record for all parties. All parties may access this filing through that CM/ECF.

By: /s/ Nicholas J. Linder
Nicholas J. Linder
Assistant United States Attorney
United States Attorney's Office
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: 317-226-6333
Email: nick.linder@usdoj.gov